THOMAS DUNN *v.* JOSEPH J. COMSTOCK, Master of the steamer " BALTIC."

In an action for seamen's wages, it appeared that the claimants went ashore at Liverpool, without leave, and remained four hours. There was a provision in the shipping articles, that if any person should absent himself at any period without liberty, his wages due at the time of such absence should be forfeited, and that a reinstatement should not do away with the forfeiture. *Held*, in the absence of fraud, that the contract was binding, and that the extent of the forfeiture was governed thereby, notwithstanding the fifth section of the act of Congress, passed July 20th, 1790, provides that if a mariner, having left the ship, returns within forty-eight hours, he shall forfeit three days' pay, but if absent for a longer time, he shall forfeit all the wages due.

THE plaintiff, in his own right and as assignee of several brother mariners, sued the defendant, who was master of the American steamer, "Baltic," for wages earned on a voyage from New York to Liverpool.

The shipping articles, which were signed by the claimants, provided, among other things, that neither officer nor seaman, nor any of the parties thereunto, should, on any pretence whatever, be entitled to go on shore at night to sleep, but should

Dunn *v.* Comstock.

do their duty by day in discharge of the cargo, and keep such watch by night as the master should think necessary. Also, that if any of the crew or other person signing the articles should disobey the orders of the master or other officer of the vessel, or absent himself at any time without liberty, his wages, due at the time of such disobedience or absence, should be forfeited; and in case such person or persons so forfeiting wages should be reinstated or permitted to do further duty, it should not do away with such forfeiture.

These provisions were printed in the body of the shipping articles.

The fifth section of the act of Congress for the government and regulation of seamen in the merchants' service, passed July 20th, 1790, provides, in substance, that if any seaman or mariner shall absent himself from on board the ship without leave, and shall return to his duty within forty-eight hours, he shall forfeit three days' pay for every day for which he shall so absent himself, to be deducted from his wages. But that if he shall absent himself for more than forty-eight hours at one time, he shall forfeit all the wages due to him, and all goods or chattels left by him on board the vessel or in any store at the time of his desertion, to the use of the owners of the ship, and shall be liable, moreover, to all damages which the owners may sustain by being obliged to hire other mariners in his place, and that such damages may be recovered in any court having jurisdiction.

At Liverpool, the plaintiff and his associates went on shore without leave, and remained four hours. On their return to the ship, they resumed and continued duty till after the vessel arrived at New York.

The defendant, who was the master of the ship, paid the claimants for their services on the homeward voyage, but insisted that they had forfeited their wages previously earned, by absenting themselves at Liverpool, as above stated.

The suit was prosecuted in the Marine Court, where the plaintiff obtained judgment, from which an appeal was taken to this court.

*John Cochran*, for the appellant.

*Jacob J. Radcliff* and *David P. Whedon*, for the respondent, cited Abbott on Shipping, 5th Am. ed., pp. 772, 773, and notes on p. 77, and cases there cited; *Willis* v. *Brant*, 2 Camp. 590; Rights and Duties of Merchant Seamen, p. 53, and notes on pp. 53, 54 and 55; Commercial Digest, pp. 33, 34 and 35.

BY THE COURT. INGRAHAM, FIRST J.—The defence in the court below to the plaintiff's claim for seamen's wages, on board the steamer Baltic, was, that the plaintiff and his assignors left the steamer at Liverpool and went ashore without leave, and remained absent from the vessel four hours, and thereby forfeited their wages previously earned.

The justice allowed the statutory forfeiture of three days' wages, and gave judgment for the residue of wages earned.

᠊ In the shipping articles is contained a clause, prohibiting the seamen from going on shore to sleep at night, and that if any of the crew absent himself, without liberty, his wages, previously earned, shall be forfeited; and in case the person so forfeiting his wages shall be permitted to do further duty, it shall not do away with such forfeiture.

Under this clause the defendant claims the forfeiture of all the wages earned previous to the time of the plaintiff's absenting himself from the vessel. I know of no reason why such a contract should not be enforced. The parties had a right to make it. The stipulation was necessary for the good regulation and safety of the vessel. No advantage appears to have been taken of the seaman in making it, and he should be held responsible for a violation of the contract on his part, as well as the defendant.

It is said, by the respondent, that the clause was inserted by the defendant. If this was done fraudulently, as to the plaintiff, it would not be binding upon him; but there is nothing to warrant such a conclusion, nor any testimony to support any such view of the contract.

Dunn *v.* Comstock.

It appears to have been fairly entered into, and is equally binding with any other part of the articles. If there had been no such clause in the articles, the decision of the court below would have been proper. The only forfeiture in such a case would be that of three days, as provided by the act of congress. But the parties are not prohibited from making an additional penalty for violating the shipping articles; and where such is the case, the defendant would not be limited to the statutory forfeiture.

The return does not show on what day the plaintiff was absent from the vessel. As the whole case rests upon admissions made on the trial, I suppose that has been overlooked.

The account between the parties should be stated in this manner:

From the amount of wages up to the day of absence, there should be deducted the money paid in Liverpool and the hospital money, and the balance up to that day to be forfeited, under the shipping articles.

The plaintiff then could only be entitled to recover wages from the day of sailing from Liverpool, from which is to be deducted the amount paid into court, $23 53, and the balance is the amount for which judgment should be rendered.

If the parties will file a stipulation admitting the day of sailing, the judgment can be reduced under the direction of one of the judges, and judgment rendered for that sum so ascertained, and thereby another action will be rendered unnecessary.

If not, the judgment must be reversed.

Ordered accordingly.